Emma **HOLWERDA** as Executrix of the
Estate of John Holwerda, deceased,
and Emma Holwerda, Plaintiffs,

v.

The **UNITED STATES** of America,
Defendant.

Civ. No. 4105.

United States District Court
D. North Dakota,
Northeastern Division.

May 9, 1966.

Ralph S. Oliver, Larimore, N. D., for plaintiffs.

Edward O. C. Ord and Howard N. Singer, Trial Attorneys, Tax Division, United States Department of Justice, Washington, D. C., for defendant.

RONALD N. DAVIES, District Judge.

This suit was brought by the above-entitled Plaintiffs to secure a refund of income taxes and interest allegedly over-paid in the following sums for the following years:

December 31, 1959, $630.72 plus assessed interest of $142.81;

December 31, 1960, $95.62 plus assessed interest of $15.68;

December 31, 1961, $383.65 plus assessed interest of $39.88; for a total sum of $1,315.36 plus statutory interest and costs.

Jurisdiction in this Court is based on 28 United States Code Annotated, Section 1346.

The Plaintiffs filed timely income tax returns for calendar years in question, 1959, 1960 and 1961.

Thereafter adjustments and deficiencies were made, the taxes were assessed and the taxes and interest paid, and on May 8, 1964, claim for refund was filed which was disallowed by the Director of Internal Revenue by certified mail, July 15, 1964.

This action followed, brought originally by John Holwerda and Emma Holwerda, Plaintiffs, versus the United States of America; but because of the intervening death of John Holwerda is now styled by stipulation of the parties as Emma Holwerda, as Executrix of the Estate of John Holwerda, deceased, and Emma Holwerda, Plaintiffs, versus the United States of America.

Counsel have stipulated that the Bradshaw Gravel Supply Company, Inc., is a corporation which basically mines, processes, grades, sells and ships gravel, and that the business includes all phases of obtaining and making available to customers the finished gravel product; but that during the years in issue in this case the company was the unincorporated individual operation of Russell Bradshaw, doing business as Bradshaw Gravel Supply.

At all times material here John and Emma Holwerda were the owners of approximately 1,080 acres of land in Walsh County, State of North Dakota, in addition to which they rented additional acreage. Part of their farm land was used in ordinary farming and some of

the land for pasturage. The approximate 100 acres where the gravel deposits were located was used for light grazing purposes and was owned by them. In many places the area showed significant surface traces of gravel like material; and when the Plaintiffs bought the approximately 100 acres, they knew of the existence of the gravel deposits on the land.

The evidence discloses that during the winter of late 1958 or early 1959 the Plaintiff, John Holwerda, was approached by Russell Bradshaw who sought and obtained permission to examine and take test borings over the approximate 100 acre area here in question, the results of which were favorable, and John Holwerda permitted the Bradshaw Gravel Company to enter upon the land and Bradshaw's company commenced mining gravel deposits in late June or early July of 1959. The Bradshaw company paid the Plaintiffs ten cents per cubic yard for each cubic yard extracted and removed from the ground. The gravel company paid its own extracting, processing, selling and shipping costs. The gravel company mined the gravel from the pit, processed it by machine and separated the gravel into certain grades, after which the company sold the graded gravel. As the Bradshaw mining operation continued more and more machinery was brought onto the Holwerda land.

The depositions of John Holwerda, deceased, and of James Bradshaw were identified and received in evidence, the respective parties reserving objections made to the contents thereof at the time of the taking of the deposition. Rulings were neither requested nor made on objections appearing in the depositions, although reference was made thereto in oral argument.

A purported "sales agreement," Plaintiffs' Exhibit 2, dated 1 May, 1959, and purportedly made between John Holwerda and Russell Bradshaw, doing business as Bradshaw Gravel Supply, but which was acknowledged by John Holwerda, Emma Holwerda and Russell Bradshaw before a Notary Public on March 4, 1960, was received for its probative value over the Government's objection. The "sales agreement" upon which the Plaintiffs rely was scarcely the end product of a skilled craftsman, and its ambiguities are obvious.

Plaintiffs strongly urge that they are entitled to capital gains treatment; that they made an absolute sale, and that they have no retained economic interest in the property; and ask further that the "true substance" theory should also be a determinative factor in the resolution of this cause.

The Government, on the other hand, urges that the capital gain provision should be narrowly construed, and that the sales of certain kinds of property such as are here involved clearly produce ordinary income.

Counsel for both sides have cited numerous cases in support of their respective positions, both by brief and in oral argument; but in the view of this Court there are distinguishing features which set Holwerda apart from cited cases, and that no one case can be said to be squarely in point because of the unusual and complex factual situation here presented and because the negotiators of the "sales agreement" are both dead.

The Court concludes, after weighing all of the credible evidence, that the very best that could be said of the Plaintiffs' agreement or understanding with Bradshaw is this: That Bradshaw would be required to pay the Holwerdas ten cents per cubic yard for each cubic yard mined on the Holwerdas' land if, as and when Bradshaw chose to mine it. It certainly may not be said on the state of this record that the Plaintiffs transferred the economic interest in the property in question during the years which are the subject of this litigation.

The evidence shows that the record title to the real property in question was and is in the Plaintiffs; that the taxes have been, and now are being paid by the Plaintiffs; and that for whatever it purports to be or whatever it is, the "sales agreement" was never filed of record.

The Plaintiffs here have failed to establish that, on any theory, they are entitled to capital gains treatment for the three years in question, and they have failed to sustain the burden imposed upon them by law. The United States is entitled to judgment against the Plaintiffs for a dismissal of their cause of action and for their costs as provided by law.

Formal findings of fact, conclusions of law, order for judgment and judgment to effectuate the Court's opinion will be prepared and transmitted through the Clerk of this Court by attorneys for the United States.